IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARK VIAU,<br><br>                    Plaintiff,<br><br>         v.<br><br>UTAH AIR NATIONAL GUARD; UTAH NATIONAL GUARD; THE STATE OF UTAH; PHILLIP LOWRY, an individual, RUSSELL KAWAI, an individual,<br><br>                    Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br><br>Case No. 2:12-cv-1128-RJS<br><br><br><br><br>Judge Robert J. Shelby |

Plaintiff Mark Viau brings claims for legal malpractice, negligent employment, and federal constitutional violations against the Utah National Guard, the Utah Air National Guard, and the State of Utah ("Utah Entities"), and two Utah National Guard Area Defense Counsel attorneys, Phillip Lowry and Russell Kawai. Mr. Viau initially brought his claims against only Mr. Lowry and the Utah Air National Guard. (Dkt. 2-2.) After Mr. Viau filed these claims, the United States substituted itself for Mr. Lowry under the Westfall Act, 28 U.S.C. § 2679(d)(2), and removed the case from state to federal court. (Dkt. 2.) Mr. Viau responded with an Amended Complaint (Dkt. 8), adding Mr. Kawai, the Utah National Guard, and the State of Utah as defendants.

After certification, substitution, and amendment, Mr. Viau filed a motion to remand. (Dkt. 10.)  The United States subsequently filed a motion to dismiss for lack of jurisdiction and failure to state a claim.  (Dkt. 19.)  The Utah Entities also filed a motion to dismiss.  (Dkt. 36.)  At an August 15, 2013, hearing on these motions, the court orally granted the United States' motion to dismiss.  (*See* Dkt. 47.)  The court then entered a written order memorializing its ruling.  (*See* Dkt. 49.)

At the August 15, 2013, hearing the court also heard argument from the Utah Entities regarding its Eleventh Amendment immunity and the disposition of the remaining state and federal claims.  The State of Utah advised the court for the first time at the August 15 hearing that it was waiving its Eleventh Amendment immunity.  The court took the remaining issues under advisement but provided the parties an opportunity to submit additional briefing on jurisdictional issues in view of the State's election to waive immunity.

After examining the briefs and considering the parties' arguments, the court dismisses the federal claims against the Utah Entities under 42 U.S.C. § 1983.  The Utah Entities are not liable under Section 1983 because none of these entities is a person within the meaning of the statute. After considering the implications of reaching the remaining state law claims in this case, the court exercises supplemental jurisdiction under 28 U.S.C. § 1367 and dismisses the legal malpractice and negligent supervision claims with prejudice.  The Utah Governmental Immunity Act (UGIA), Utah Code Ann. § 63G–7–101 *et. seq*., bars claims against the State of Utah or its entities arising out of service with the National Guard.

BACKGROUND

The facts of the case are more completely set forth in the court's previous order. (*See* Dkt. 49.) In short, Mr. Viau was a member of the Utah Air National Guard. On December 17, 2008, a federal Grand Jury returned an Indictment charging Mr. Viau with four counts of making false statements, bank fraud, and mail fraud. On July 2, 2009, the Grand Jury issued a Superceding Indictment charging Mr. Viau with seventeen counts of false statements, mail fraud, wire fraud, bank fraud, and witness tampering. Mr. Viau ultimately pled guilty to a felony mail fraud count as part of a negotiated plea agreement. Mr. Viau alleges he based his decision to plead guilty on legal advice from Phillip Lowry, a member of the Utah National Guard, and one of its Area Defense Counsel. Mr. Lowry advised Mr. Viau that a conviction would not effect his professional advancement through the ranks of the Utah National Guard. But Mr. Viau later learned the Utah Air National Guard denied his promotion to the rank of Major because of the felony conviction resulting from his guilty plea. This lawsuit followed.

Having addressed in its prior Order the claims asserted against the United States (Dkt. 49), the court now addresses the claims remaining in this action – namely the civil rights and state law claims asserted against the Utah Entities. The court will first address Eleventh Amendment immunity and the federal claims under Section 1983. The court will then address its jurisdiction to reach the remaining state law claims.

ANALYSIS

I.   **Eleventh Amendment Immunity**

The text of the Eleventh Amendment requires that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Under the Eleventh Amendment, a state is normally immune from suit in federal court. *College Sav. Bank v. Fla. Prepaid Postseconday Educ. Expense Bd.*, 527 U.S. 666, 669–70 (1999).

But a state may waive its Eleventh Amendment Immunity. *Id.* The State of Utah has elected in this case to do so, and now urges the court to reach the merits of Mr. Viau's claims against the Utah Entities. (*See* Dkt. 46.) With the Eleventh Amendment bar removed, the court will proceed to examine the claims against the State of Utah, the Utah National Guard, and the Utah Air National Guard.

II.   **Section 1983 Claims**

Mr. Viau conceded at oral argument that his Section 1983 claims against the Utah Entities likely were deficient. "Section 1983 provides a claim for relief against any person who, under color of state law, deprives another of rights protected by the Constitution." *Ross v. Bd. of Regents of N.M.*, 599 F.3d 1114, 1117 (10th Cir. 2010). But "neither the State nor arms of the State are persons within the meaning of Section 1983," and are generally not subject to liability under that section. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 65 (1989); *see also Ross*, 599 F.3d at 1117 (stating a plaintiff who names a state entity in a Section 1983 action fails to state a constitutional claim upon which relief can be granted). In addition, the District of Utah

has found that "UNG [Utah National Guard] and UANG [Utah Air National Guard] are clearly arms of the state and are, therefore immune from suit." *Newton v. Utah Nat'l Guard*, 2007 WL 2220459, at *2 (D. Utah Jul. 31, 2007), *appealed on other grounds*, 677 F.3d 1017 (10th Cir. 2012) (dismissing all Section 1983 claims against Utah National Guard and Utah Air National Guard). It is clear that the State of Utah is not liable under Section 1983 because it is not a person within the meaning of the statute. Moreover, even if the court considers the Utah National Guard and Utah Air National Guard as hybrid federal agencies, Mr. Viau remains unable to pursue a federal civil rights claim against them. The results are the same even under a *Bivens* theory. *See Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("a *Bivens* claim can be brought only against federal officials in their individual capacities. *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies."). Therefore, Mr. Viau's Section 1983 claims must be dismissed.

**III.    Supplemental Jurisdiction**

Having dismissed his federal civil rights claims, only Mr. Viau's state law claims for legal malpractice and negligent employment remain. Under 28 U.S.C. § 1367(c), "Once federal question jurisdiction exists, it is within the trial court's discretion to exercise supplemental jurisdiction over those state law claims that derive from a common nucleus of facts." *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd*, 210 F.3d 1207, 1220 (10th Cir. 2000). Moreover, "the scope of a federal court's jurisdictional power [] does not fluctuate with the fate of a federal claim," "but exists if the federal claim initially had substance sufficient to confer subject matter jurisdiction on the court." *Id.* Therefore, even absent any surviving federal claims, the court may

still maintain jurisdiction over remaining state law claims by discretionary exercise of its supplemental jurisdiction under 28 U.S.C. § 1367.[1]

A district court may decline to exercise supplemental jurisdiction over a state law claim when "the claim raises a novel or complex issue of state law, it substantially predominates the claim(s) over which the district court has original jurisdiction, the district court has dismissed all claims over which it has original jurisdiction, or there are other compelling reasons for declining jurisdiction." *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1172 (10th Cir. 2009).  But the court should exercise jurisdiction "in cases, in which, given the nature and the extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction." *Thatcher Enter. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

Compelling factors here favor invocation of the court's supplemental jurisdiction to address Mr. Viau's state law claims.  Although the claims over which the court had original jurisdiction have been dismissed, Mr. Viau's state law claims do not raise novel or complex issues of state law, nor do they substantially predominate over Mr. Viau's civil rights claims under Section 1983.  Rather, Mr. Viau's state law claims fall squarely within the ambit of the

---

[1] The State of Utah urges the court that it has original jurisdiction over the state law claims on two bases.  The State of Utah first argues the court has original jurisdiction under 28 U.S.C. § 1331 over these claims because they implicate the *Feres* doctrine and arise under federal common law.  *Accord Illinois v. City of Milwaukee, Wis.*, 406 U.S. 91, 100 (1972) (federal common law extension of 28 U.S.C. § 1331); *Matreale v. N.J. Dep't of Military & Veterans Affairs*, 487 F.3d 150, 156-57 (3d Cir. 2007) (*Feres* doctrine creates federal status for guardsmen).  Alternatively, the State of Utah argues that these claims are preempted by federal law because the claims implicate a "uniquely federal interest." *Boyle v. United Techs.*, 487 U.S. 500, 504 (1988).  While these may be appropriate bases for jurisdiction, given the court's decision to exercise supplemental jurisdiction, the court declines to examine them here.

Utah Governmental Immunity Act (UGIA).  Disposition of the claims requires only application of the UGIA to the facts here presented.  In addition, Mr. Viau's state law legal malpractice claim is identical to the claims dismissed under Section 1983, which were already addressed by the court.  Moreover, Mr. Viau's negligent employment claim relies on substantially the same facts as the legal malpractice claim, and implicates the same immunity concerns.

Given these considerations and the clear disposition of Mr. Viau's remaining state law claims before the court, fairness and judicial economy would not be served by remanding Mr. Viau's claims back to state court or dismissing them without prejudice only to arrive at the same outcome after another round of briefing.  The court will, therefore, exercise its supplemental jurisdiction over Mr. Viau's remaining state law claims and, as explained below, finds they must be dismissed with prejudice.

## IV.     State Law Claims

The UGIA bars Mr. Viau's state law claims.  The UGIA bars claims against the State of Utah or state entities that arise from either "a misrepresentation by an employee whether or not it is negligent or intentional" or "the activities of the Utah National Guard."  Utah Code Ann. § 63G-7-301(5)(f), (i).  Mr. Viau cites no case, statute, rule, or policy consideration that saves his claims from this statutory provision.  Mr. Viau argues only that the National Guard exception to a waiver of immunity under the UGIA does not apply because the activities of Mr. Lowry and Mr. Kawai were not traditional activities of military service.  This argument fails here for the same reasons the court concluded Mr. Viau was unable to pursue his claims against the United States.  (*See* Dkt. 49.)  Mr. Viau's state law claims arise out of legal advice available to him only because he was a member of the Utah National Guard; the advice was given by members of the

Utah National Guard who were acting in their roles as attorneys for the Utah National Guard; and the legal advice they provided related to the consequences of outside activities on Mr. Viau's career with the Utah National Guard.  The court can only conclude that Mr. Viau's claims arise out of and relate to the "activities of the Utah National Guard."  Utah Code Ann. § 63G-7-301(5)(i).

## CONCLUSION

The court GRANTS the State of Utah, Utah National Guard, and Utah Air National Guard's Motion to Dismiss (Dkt. 36) and dismisses all claims against them with prejudice.  Mr. Viau's Motion to Remand (Dkt. 10) is DENIED.  The clerk of court is directed to close this case.  All parties will bear their respective costs and fees.

SO ORDERED this 4th day of November, 2013

BY THE COURT

_____
ROBERT J. SHELBY
United States District Judge